Richard Tanenbaum
224 Franklin Avenue, Rm. B4
Hewlett, NY 11557
347-291-1776

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -- - - - - - - - -X

IN RE:

AVENUE L REALTY LLC

                         Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Chapter 11 Reorganization
Case No.: 11-71580

**DEBTOR'S MOTION
FOR ENTRY OF AN
ORDER FOR USE OF
CASH COLLATERAL**

The above Debtor by Richard Tanenbaum its attorney, in support of its application respectfully represents:

This Application seeks an Order in the form attached hereto, approving the Debtor's use of Cash Collateral consisting of rents generated by the Debtor's rental premises located at 223 Knickerbocker Avenue, Brooklyn, New York and 2719 Beverly Road, Brooklyn, New York. The Proposed Order permits the use of the Cash Collateral for operational expenses of approximately $7,100.00 dollars per month (see par. G2 of Proposed Order), for United States Trustee fees and Court ordered payments to Court retained professionals, herein with the balance to be paid to secured Creditor Citibank N.A. on account of the outstanding secured indebtedness (par. G6 ).

The Secured Creditors will receive a post-petition replacement lien in all post-petition property in which such Secured Creditor hold a security interest pre-petition and in the same rank and

priority held by such creditors prior to the petition, which post-petition liens shall be valid, perfected, unavoidable, and enforceable post petition to the same extent that such pre-petition liens are valid, perfected, unavoidable and enforceable (par G11)  The liens herein are subject to and subordinate to the United States Trustee fees pursuant to 28 U.S.C. 1930 and Court approved fees to Court appointed professionals (par. G2).  There are no provisions in the proposed Order for any limitation on professional fees to Court appointed professionals, or for payment of the secured creditors expenses and attorney's fees in connection with the use of cash collateral or exclusion of a carve out for any investigation of a lien held by any secured creditor, all of which may be the subject of future negotiation.

## *SUMMARY*

## **BACKGROUND**

1. On March 16, 2011, the above Debtor filed a voluntary petition under Title 11, Chapter 11, of the United States Code, 11.U.S.C. 101 et. Seq. (the "Bankruptcy Code"), and is presently a Debtor-in-Possession of its properties under §1107 of the Bankruptcy Code.

2. This Court has core jurisdiction within 28 U.S.C. 157 and 1334.  Venue is proper. No Trustee or Examiner has been appointed in this case.

3. The Debtor respectfully requests that a hearing on the cash collateral be heard.

4. The Debtor is in the business of owning and operating Real property located at 223 Knickerbocker Avenue, Brooklyn, New York and 2719 Beverly Road, Brooklyn, New York.  At the filing, the Debtor took possession of the Premises.

5. The present residential income is approximately $15,000.00 per month.

## THE MORTGAGES

6. There is one mortgagee (the secured creditor) who may seek to assert a lien in the rent proceeds of the Premises. On or about March 21, 2007 , the Debtor entered into a refinancing borrowing with Bank of Smithtown. under a securitized mortgage loan transaction pursuant to which the Debtor borrowed a total of $600,000.00 secured by a first mortgage (the "Mortgage") upon the premises 223 Knickerbocker Avenue, which provides for an assignment of rents.

7. On or about May 9, 2007, the Debtor entered into a refinancing borrowing with Bank of Smithtown under a securitized mortgage loan transaction pursuant to which the Debtor borrowed a total of $1,400,000.00 secured by a first mortgage upon the premises 2719 Beverly Road.

8. The combined monthly mortgage payment to Bank of Smithtown. was approximately $15,000.00 including escrows for real estate tax and water/sewer charges.

9. On or about February, 2010, Bank of Smithtown commencing foreclosure actions in New York State Supreme Court, County of Kings under index numbers 1571/2010 and 1572/2010 which actions are pending alleging that the Mortgage was in default and seeking a foreclosure judgment.

## OFFER OF ADEQUATE PROTECTION

9. Rents generated by the Premises are property of the estate pursuant to § 541 of the Bankruptcy Code and constitute cash collateral within the meaning of §363 of the

Bankruptcy Code. In re Vienna Park Properties, 976 F2d 106 (2'" Cir. 1992). The Creditors 'interest in the cash collateral is adequately protected where the cash is used towards the preservation of the Premises, periodic payments *are* made, and a replacement lien is given to the Secured Creditors.

10.. The Debtor proposes the following offer of Adequate Protection within the meaning of §§ 361 and 363 of the Bankruptcy Code, as detailed in the attached Proposed Order.

11.. The Proposed Order provides for the use of the Cash Collateral for operational expenses of approximately $4,000.00 per month (see par G2 of attached Order), and for United States Trustee fees and Court Ordered payments to Court retained professionals, herein (par._G2__ with the balance to be paid to Bank of Smithtown. on account of the outstanding secured indebtedness (parG6). The Secured Creditors will receive a replacement lien in all post-petition property in which such Secured Creditors held a security interest, pre-petition, in the same rank and priority held prior to the petition, which liens shall be valid, perfected, unavoidable and enforceable, post-petition to the same extent that the pre-petition liens are valid, perfected, unavoidable and enforceable (par._G11)    The liens herein are subject to and subordinate to the United States Trustee fees pursuant to 28 U.S.C. 1930 and Court approved fees and Court appointed professionals. (parG2).

12.  The Debtor's expected rent collections on a monthly basis is approximately $15,000.00, while monthly operating expenses are approximately $4,000.00 (NOTE: heating expenses are paid when incurred, not leveled). Representative monthly expenses are as follows: See Schedule.

13. These expenditures will be paid by the Debtor without the need for further order, with a monthly statement being submitted to the Mortgagee .(parG6). Any further proposed expenditures which are not agreeable to the parties may be submitted to the Court.(par G3). Additionally, any out of pocket disbursements by the Debtor's Management Company United States Trustee fees and Court Ordered payment of fees to Court appointed professionals will be paid from the rents. (parG2). The Debtor proposes to pay the balance of the rent receipts to the Mortgagee.(par. G6_)

## SERVICE AND NOTICE

14. This Motion is being served on notice to Lender and all other parties asserting secured claims against the Debtor, as well as the United States Trustee and all other parties entitled to notice pursuant to Bankruptcy Rule 4001(d), including but not limited to the Debtor's twenty (20) largest unsecured creditors.

WHEREFORE, it is respectfully requested that the Court enter an Order authorizing the use of cash collateral and grant of liens and granting such other and further relief as is proper.

Dated:      Hewlett, New York
            April 28, 2010

_____/s/_____
RICHARD TANENBAUM
Attorney for Debtor
224 Franklin Avenue, #B4
347-291-1776